UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-36161
CHAPTER 13 PROCEEDING

IN RE:
Priscilla Nachon-Torres
  Debtor
_____/

TRUSTEE'S REQUEST FOR PRODUCTION

  Trustee, Nancy K. Neidich, Chapter 13 Trustee, pursuant to Rules 9014, 7026, and 7034 of the Federal Rules of Bankruptcy Procedure and request the following documents be produced by the debtor by providing a copy of the following documents to the Chapter 13 Trustee at P.O. Box 279806, Miramar, Florida 33027 on or before January 21, 2014  or contact the undersigned to determine a place to examine and copy the following documents before June 19, 2014

### DOCUMENTS REQUESTED

  With respect to the request for production of documents, the following request shall apply:

  a) any amended Statement of Current Monthly Income and Disposable Income Calculation ("CMI") or amended Schedule I and J on which the debtor intends to rely upon at a the hearing.

  b) evidence and calculation of any expenses not determined by the IRS standards that the debtor intends to rely upon to prove his actual expenses or prove his expenses are reasonable and necessary.  Evidence of the expense includes six (6) months of payments or all payments made within the 6 months.

  c) all post petition bank statements in the name of the debtors or which the debtors have signatory powers.

  d) copy of all tax returns filed with any governmental agency for 2011, 2012 and 2013 tax

years.

e) Evidence of any interest in any business, corporation or other entity, including but not limited to Nachon Entertainment.

f) If the debtor intends to claim to be under median, evidence a calculation of all Schedule J expenses.

    i) Evidence of all expenses including evidence of why the funds were paid, (e.g. detailed bills for dental, doctor, entertainment).

    ii) Evidence of the expense includes six (6) months of payments or all payments made within the 6 months pre-petition and evidence that the expense is on going.

g) any other evidence upon which the debtor intends to rely upon to prove any additional expenses

## I. DEFINITIONS

A.    For purposes of responding to this request to produce, the following definitions shall apply:

1.    The term "you" and "your" means Defendant, and any employee, agent, attorney, any other person acting for, or on behalf of, or under the authority or control of, the Defendant, or others who are in possession of or who may have obtained information for or on behalf of the Defendant.

2.    The term "Document(s)" means any document in your custody, possession or control, including, but not limited to, any printed, written, recorded, taped, electronic, graphic or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notation, papers, newsletters, memoranda, interoffice communications, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations,

meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographers' notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, newspapers, periodicals or magazine materials, loan applications, loan agreements, financial statements, commitment letters, canceled or uncanceled checks, wire transfers, advances, credits and debits, promissory notes, security agreements, UCC-1 Financing Statements, guarantees, client ledgers, account currents, and any material underlying, supporting or used in preparation of any Documents.

3.  The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any Document or information that might otherwise be construed to be outside its scope.

4.  The term "any" means one or more.

5.  The terms "describe," "discuss," "analyze," "describing," "discussing," or "analyzing," mean any Document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

6.  The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal or business entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

7.  The terms "relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, Documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

8.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun

or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

9. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less inclusive.

## II. INSTRUCTIONS

A. With respect to this request for production of documents, the following instructions shall apply:

1. In the event that any Document called for by a request is withheld on the basis of claim of privilege or a claim of privilege will be asserted, please identify that Document by stating: (a) any author, signatory, addressor or addressee; (b) description (e.g. letter, memorandum, telex, recording, etc.); (c) subject matter, title (if any), date, number of pages, and attachments or appendices; (d) all persons to whom the Document was distributed, shown or explained; (e) its present depository; (f) its present custodian; and (g) a complete statement of the ground for the claim of privilege asserted.

2. In the event that any Document called for by a request has been lost, damaged, destroyed or discarded, please identify that Document by stating: (a) any author, signatory, addressor and addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, contents, number of pages, and attachments or appendices; (d) all persons to whom the Document was distributed, shown or explained; (e) the date of such loss, damage, destruction or discard, manner of loss, damage, destruction or discard, and reason for loss, damage, destruction or discard; and (f) the name of the person(s) who authorized, directed or carried out such loss, damage, destruction or discard.

3. In producing Documents requested herein, you shall produce the Documents in full, without abridgment, abbreviation, and expurgation of any sort. If any Document cannot be produced in full, produce the Document to the extent possible and specify the reason for the inability to produce the remainder thereof.

4. Unless otherwise specified, the requests contained in this request for production of documents are limited to Documents authored, created, received, revised or sent from March 10, 2003 through the present.

5. This request for production of documents is continuing and you are requested to

supplement your responses hereto. If after producing the Documents, you become aware of any further Documents responsive to this request, you are required to immediately produce such additional Documents without further request or Order of the Court.

6. You are hereby notified that your duty to respond includes the duty to supply all Documents and materials in your physical possession, as well as those which can be obtained from additional sources. In the event that any Document requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

7. All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through ECF on debtor's attorney, ON June 4, 2014

Submitted by
NANCY K. NEIDICH,
STANDING CHAPTER 13 TRUSTEE
FLORIDA BAR NO.: 441856
AMY E. CARRINGTON, ESQUIRE
FLORIDA BAR NO: 0101877
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402